Michael J. McCue (NV Bar No. 6055)
MMcCue@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

*Attorney for Plaintiffs*
*MGM Resorts International and*
*CityCenter Land, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MGM RESORTS INTERNATIONAL, a Delaware corporation, and CITYCENTER LAND, LLC, a Nevada limited liability corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOES 1-2,<br><br>Defendants. | Case No. 2:14-cv-1369<br><br>**COMPLAINT** |

For its complaint, Plaintiffs MGM RESORTS INTERNATIONAL and CITYCENTER LAND, LLC allege the following:

**NATURE OF THE ACTION**

1. Plaintiffs bring this action to stop the unknown owners of two usernames on the photo sharing network Instagram from trading on Plaintiffs' well-known marks by distributing images and comments under names identical to Plaintiffs' trademarks "MGM" and "VDARA". The Defendants' use of Plaintiffs' trademarks as a means to distribute images and comments has already lead to confusion among Plaintiffs' customers, and if allowed to continue is likely to continue to harm Plaintiffs' valuable trademarks, goodwill, and reputations.

2. In this action, Plaintiffs assert claims for trademark infringement and dilution under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c) and the common law, as well as claims for cyberpiracy under 15 U.S.C. § 1125(d). Plaintiffs seek temporary, preliminary, and permanent injunctive relief, as well as damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a), because Plaintiff's claims arise under the laws of the United States, specifically, under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c), and 1125(d).

4. While the Defendants are currently unknown to Plaintiffs, despite Plaintiffs best efforts to contact them and discover their identities, this Court has personal jurisdiction over Defendants because they have committed acts of trademark infringement, dilution, and cyberpiracy in this state and in this district.

5. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b), (c), and/or (d).

## PARTIES

6. Plaintiff MGM Resorts International ("MGM Resorts") is a Delaware corporation whose principal place of business is at 3600 Las Vegas Boulevard South, Las Vegas, Nevada 89109. MGM Resorts indirectly owns and operates several resort hotels and casinos, including the world-famous MGM Grand Hotel & Casino in Las Vegas ("MGM Grand").

7. Plaintiff CityCenter Land, LLC ("CityCenter") is a Nevada limited liability corporation with a principal place of business at 3950 Las Vegas Boulevard South, Las Vegas, Nevada 89119. CityCenter owns the world-famous Vdara Hotel & Spa in Las Vegas ("Vdara"). MGM Resorts is a co-owner of CityCenter.

8. Defendants are the unknown owners of the usernames "MGM" and "VDARA" on the photo sharing network Instagram. Their identities are currently unknown because Instagram hides contact information for its users from the public, and Plaintiffs' multiple attempts to identify and contact Defendants have failed.

### The MGM Grand Hotel & Casino

9. MGM Resorts, through its corporate subsidiaries and affiliates, owns and operates several world famous resort hotel casinos in Las Vegas, Nevada and elsewhere, including the world-famous MGM Grand Hotel & Casino in Las Vegas ("MGM Grand").

///

10. The MGM Grand is a resort hotel and casino located on the Las Vegas Strip. It features 6,852 guestrooms, 171,500 square feet of gaming, five outdoor pools, luxury shopping, a spa and salon, Cirque du Soliel's Kà show, world-renowned restaurants, lounges, a wedding chapel, expansive convention and meeting room space, nightclubs, and other amenities.

11. Since 1973, MGM Resorts and its predecessor entities have continuously offered a wide variety of premium goods and services in commerce under the MGM and other MGM-prefixed marks, including, without limitation, entertainment and restaurant services.

12. The MGM Grand hotel is world famous, frequently being featured in movies, television shows, and news reports that are distributed in the United States and around the world. As a result, consumers across the United States and around the world associate the MGM mark with entertainment, hospitality, luxury, and quality vacation experiences.

13. MGM Resorts has obtained several United States trademark registrations for the MGM and MGM-prefixed marks, including, but not limited to:

| Mark | U.S. Reg. No. | First Use | Reg. Date |
|---|---|---|---|
| MGM | 1,060,489 | December 1973 | March 1, 1977 |
| MGM | 2,534,227 | December 1973 | January 29, 2002 |
| MGM GRAND | 2,540,402 | December 1973 | February 19, 2002 |
| MGM GRAND | 2,857,755 | December 1973 | June 29, 2004 |
| MGM GRAND | 3,943,341 | December 1973 | April 12, 2011 |

Collectively, the foregoing trademarks are referred to herein as the "MGM Mark." MGM Resorts' federal trademark registrations for the MGM Mark are valid and subsisting, and have not been abandoned, cancelled, or revoked.

14. MGM Resorts uses the MGM Mark in a wide variety of ways to advertise and promote the goods and services offered at MGM Grand, including, by using the MGM Mark on the exterior of the hotel, on the hotel's website, in print ads, television and radio ads, on billboards and other signage, in digital and social media, on brochures, and in other publications, marketing materials, and advertisements.

15. MGM Resorts has spent millions of dollars advertising, marketing, and promoting its goods and services under the MGM Mark since at least December 1, 1973. As a result, MGM

4871656_1

Resorts has developed substantial goodwill, fame, and recognition in the MGM Mark, and consumers in the United States and around the world associate the MGM Mark exclusively with MGM Resorts.

16. As a result of its longstanding use of the MGM trademark in commerce, MGM Resorts has developed common law trademark rights in the MGM trademark for use in connection with, among others, hotel, casino, restaurant, and entertainment services.

17. The MGM Mark has become distinctive and famous in the United States and around the world since at least as early as 2010.

### The Vdara Hotel & Spa

18. CityCenter owns and operates the massive, multi-use, urban complex on the Las Vegas Strip known as "CityCenter." The CityCenter project includes the Vdara Hotel & Spa, an all-suite, non-gaming, smoke-free, eco-friendly, boutique retreat (the "Vdara"). The Vdara offers a wide variety of premium goods and services to hotel patrons, including, without limitation, spa services such as personalized massages, body treatments, and skincare treatments that leave patrons feeling naturally refreshed, healthy and thoroughly serene.

19. Since at least December 15, 2009, CityCenter has used the VDARA trademark to identify, operate, and advertise the wide variety of premium goods and services offered for sale and sold by CityCenter at the Vdara.

20. CityCenter has obtained several United States trademark registrations for the VDARA marks, including:

| Mark | U.S. Reg. # | First Use | Reg. Date |
|------|-------------|-----------|-----------|
| VDARA | 3,750,156 | December 15, 2009 | February 16, 2010 |
| VDARA | 3,773,657 | December 15, 2009 | April 6, 2010 |
| VDARA | 3,773,658 | December 15, 2009 | April 6, 2010 |
| VDARA | 3,769,459 | December 15, 2009 | March 30, 2010 |

Collectively, the foregoing trademarks are referred to herein as the "VDARA Mark." CityCenter's federal trademark registrations for the VDARA Mark are valid and subsisting, and have not been abandoned, cancelled, or revoked.

21. CityCenter uses the VDARA Mark in a wide variety of ways to advertise and promote the goods and services offered at the Vdara, including, by using VDARA on the exterior of the hotel, on the <vdara.com> website, in print ads, television and radio ads, on billboards and other signage, in digital and social media, on brochures, and in other publications, marketing materials, and advertisements.

22. CityCenter has spent millions of dollars advertising, marketing, and promoting its goods and services under the VDARA Mark since at least December 15, 2009. As a result, CityCenter has developed substantial goodwill, fame, and recognition in the VDARA Mark, and consumers associate the VDARA Mark exclusively with CityCenter.

**The Instagram Service**

23. Instagram is a mobile app and online image- and video-sharing service where users can sign up for free to share and distribute pictures and videos.

24. Within the Instagram service, a user is identified only by the username chosen at sign-up.

25. Instagram images and videos shared by users are by default visible to the worldwide public, either through Instagram applications on mobile phones, or via a web browser at www.instagram.com.

26. In addition to sharing images and videos, Instagram users can leave captions and comments on their own and others' content, all identified by, and connected with, their username. Such comments are by default visible to the public.

27. On information and belief, Instagram is widely used by brand owners and other entities to market their products, services, and brands. It is particularly widely used in industries such as hospitality, food, and entertainment. As examples, the Instagram username BELLAGIO is controlled by the Bellagio Las Vegas hotel, the username MCDONALDS is controlled by McDonalds restaurants, and the username MLB is controlled by Major League Baseball.

28. As a result, users of Instagram and other members of the general consuming public have come to expect and believe that Instagram usernames of famous and well-known trademarks, particularly in the hospitality, food, and entertainment markets, represent and are

-5-

controlled by their famous brand owners.

29. In addition to leaving comments, Instagram users can link their images to other users by "tagging" other users in their content. Tagging creates a link between the image and the tagged account.

30. Because the Instagram service revolves around sharing, Instagram users often attempt to get their content viewed by as many users as possible. Images and videos that have a large number of comments, or which a large number of users have indicated they "like," are seen as positives and goals by users. As a result, usernames that will attract viewers are highly valued within the Instagram service.

31. An Instagram account with many views is a commercial asset, and a number of such accounts have used their popularity for the account owners' commercial benefit.

**Defendants' Infringing Conduct**

32. Against this background, unknown Defendants Doe 1 and Doe 2 registered for the Instagram usernames MGM and VDARA (the "Infringing Usernames"). The Infringing Usernames are identical to Plaintiffs' registered and well-known MGM and VDARA trademarks.

33. Plaintiffs have been unable to determine exactly when Defendants registered the Infringing Usernames, but on information and belief the dates were on or after October 2010, the month in which Instagram was first released.

34. On information and belief Defendants have used the Infringing Usernames to distribute images and comments under the Infringing Usernames, causing confusion amongst Instagram users and the general public.

35. A number of Instagram users have tagged the username MGM in their images that contain the MGM Grand, showing their mistaken belief that the MGM account is controlled by, and/or connected with, MGM Resorts. Just a few examples of screenshots showing images where users have tagged mistakenly the username MGM in their images are shown below:

///

///

///

-6-

  

36. The VDARA user account has been set to private, so Plaintiffs are unable to see tags to that username. Upon information and belief, it is likely that a number of users have tagged the VDARA account in their pictures as well, under the mistaken belief that the VDARA account is controlled by CityCenter.

37. On information and belief, such visible confusion from Instagram users is only the tip of the iceberg when it comes to the confusion created by Defendants' control of the Infringing Usernames. Such confusion continues to this day, and is likely to continue as long as Defendants control the Infringing Usernames.

38. Plaintiffs have not consented to, or approved of, Defendants' use of the MGM and/or VDARA marks within their usernames, or to Defendants' distribution of images and comments in association with the MGM and VDARA marks.

39. On information and belief, Defendants' use of Plaintiffs' well-known trademarks as their usernames has likely led to Defendants receiving many additional views of their images and profiles, to Defendants' benefit.

40. Accordingly, the Defendants' actions have caused and are likely to continue to cause Plaintiffs to suffer irreparable harm and injury unless temporarily, preliminarily, and permanently enjoined by the Court.

4871656_1

41. Plaintiffs have attempted many times to contact Defendants in order to demand that Defendants turn over their control over the Infringing Usernames. However, Defendants have rebuffed each attempt to contact them through Instagram, and the Instagram network has refused to release their contract details.

42. Plaintiffs therefore, in an effort to eliminate the already-existing confusion stemming from Defendants' use of Plaintiffs' well-known trademarks within the Infringing Usernames, were left with no other option but to file this action.

43. On information and belief, Plaintiffs will be able to determine the unknown Defendants' identities through discovery, as Instagram's privacy policy states that Instagram collects and retains identifying information on each user. If expedited discovery is granted by the Court, Plaintiffs will be able to quickly use such information from the Instagram service to identify and contact Defendants.

**COUNT I**
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114(a))

44. Plaintiffs incorporate the allegations in paragraphs 1-43 as though fully set forth herein.

45. The Defendants have adopted and used the MGM Mark and the VDARA Mark in U.S. commerce by virtue of their use of the marks as their Instagram usernames.

46. The Defendants' unauthorized use of the MGM and VDARA marks constitutes a reproduction, copying, counterfeiting, and colorable imitation of the MGM and VDARA marks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

47. The Defendants' unauthorized use of the MGM and VDARA marks is likely to cause initial interest confusion by diverting Internet users away from Instagram accounts controlled by Plaintiffs to Instagram accounts controlled by Defendants. Indeed such confusion has already occurred.

48. As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations, and goodwill.

49. Accordingly, Defendants' use of the Infringing Usernames constitutes infringement of Plaintiffs' registered trademarks, in violation of the Lanham Act, 15 U.S.C. § 1114.

50. Defendants' acts of infringement, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**COUNT II**
(False Designation of Origin under
the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

51. Plaintiffs incorporate the allegations in paragraphs 1-50 as though fully set forth herein.

52. The Defendants' use of the MGM and VDARA marks is likely to cause confusion, cause mistake, and/or deceive as to an affiliation, connection, or association between Plaintiffs and Defendants, or as to the origin, sponsorship, or approval of Defendants' activities by Plaintiffs. Indeed, such confusion has already occurred.

53. As a direct and proximate result of Defendants' false designation of origin, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations, and goodwill.

54. Accordingly, Defendants' activities constitute an infringement of the MGM and VDARA marks, and unfair competition, in violation of 15 U.S.C. § 1125(a)(1)(A).

55. Defendants' acts of infringement and unfair competition, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**COUNT III**
(Trademark Dilution under the
Lanham Act, 15 U.S.C. § 1125(c))

56. Plaintiffs incorporate the allegations in paragraphs 1-55 as though fully set forth herein.

///

4871656_1

57. The MGM Mark is famous within the meaning of the Federal Trademark Dilution Act.

58. Unknown Defendant Doe 1 adopted and begun using the MGM Mark in U.S. commerce by virtue of its use as an Instagram username, and the distribution of images and comments in connection with such username.

59. Defendant Doe 1's use of the MGM Mark has, at all times, been willful, deliberate, and intentional. The use of the MGM Mark was designed to usurp and wrongfully trade off of the substantial investment and goodwill MGM Grand has developed in its MGM Mark.

60. Defendant Doe 1's adoption and use of the MGM Mark began well after the MGM Mark became famous.

61. Defendant Doe 1's unauthorized adoption and use of a mark that is identical to or confusingly similar to the MGM Mark is likely to dilute the distinctiveness of the MGM Mark within the meaning of the Federal Trademark Dilution Act.

62. As a direct and proximate result of Defendant Doe 1's conduct, Plaintiff MGM Grand has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**COUNT IV**
(Common Law Trademark Infringement)

63. Plaintiffs incorporate the allegations in paragraphs 1-62 as though fully set forth herein.

64. Plaintiffs have been using the MGM Mark in commerce since at least as early as 1973. Plaintiffs have been using the VDARA Mark in commerce since at least as early as 2009. Plaintiffs' use of the MGM Mark in commerce predates Defendants' use of the MGM Mark by several decades, while Plaintiffs' use of the VDARA Mark in commerce predates Defendants' use of the VDARA Mark by several years.

65. Plaintiffs have spent millions of dollars advertising, marketing, and promoting its goods and services under the MGM and VDARA marks.

4871656_1

66. As a result, Plaintiffs have developed substantial goodwill, fame, and recognition in the MGM and VDARA marks, and consumers associate the MGM and VDARA marks exclusively with Plaintiffs.

67. The Defendants' use of the MGM and VDARA marks is likely to cause confusion, cause mistake, and/or deceive as to an affiliation, connection, or association between Plaintiffs and Defendants, or as to the origin, sponsorship, or approval of Defendants' activities by Plaintiffs. Indeed, such confusion has already occurred.

68. As a direct and proximate result of Defendants' false designation of origin, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations, and goodwill.

69. Accordingly, Defendants' activities constitute an infringement of the MGM and VDARA marks under the common law.

70. Defendants' acts of infringement and unfair competition, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**COUNT IV**
(Cybersquatting under 15 U.S.C. § 1125(d))

71. Plaintiffs incorporate the allegations in paragraphs 1-70 as though fully set forth herein.

72. Unknown Defendants Doe 1 and Doe 2 registered the Instagram usernames MGM and VDARA, respectfully, through the Instagram service. Such usernames include the addresses "www.instagram.com/mgm" and "www.instagram.com/vdara", which are alphanumeric designations for electronic addresses on the Internet, and therefore constitute "domain names" under 15 U.S.C. § 1127.

73. On information and belief, Defendants had a bad faith intent to profit from their use of the MGM and VDARA marks through the registration of said domain names.

74. Defendants' Infringing Usernames are identical to Plaintiff's MGM and VDARA marks, and the Defendants' domain names are confusingly similar to Plaintiffs' MGM

-11-

1 and VDARA marks.

2 75. Accordingly, Defendants' activities constitute cyberpiracy under 15 U.S.C.
3 § 1125(d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that the Court grant the following relief:

A. An order granting Plaintiffs leave to serve subpoenas upon Instagram and its parent company Facebook, Inc., for the purpose of identifying the presently unknown controllers of the Instagram usernames MGM and VDARA.

B. A temporary, preliminary, and permanent injunction prohibiting the Defendants and their respective officers, agents, servants, employees, and/or all other persons acting in concert or participation with Defendants, from: (1) using the MGM Mark, or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter string, phrases or designs in commerce, including, without limitation, as an Instagram username, as a Twitter or other social network username, on any website, in any domain name, in any hidden website text, or in any website metatag; and (2) engaging in false or misleading advertising or commercial activities likely to deceive consumers into believing that any Defendant is affiliated with, connected to, approved by, or sponsored by Plaintiffs;

C. A temporary, preliminary, and permanent injunction prohibiting the Defendants and their respective officers, agents, servants, employees, and/or all other persons acting in concert or participation with Defendants, from: (1) using the VDARA Mark, or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter string, phrases or designs in commerce, including, without limitation, as an Instagram username, as a Twitter or other social network username, on any website, in any domain name, in any hidden website text, or in any website metatag; and (2) engaging in false or misleading advertising or commercial activities likely to deceive consumers into believing that any Defendant is affiliated with, connected to, approved by, or sponsored by Plaintiffs;

D. An award of compensatory, and/or consequential damages to Plaintiffs in an amount to be determined at trial;

4871656_1

E. An award of interest, costs, and attorneys' fees incurred by Plaintiffs in prosecuting this action; and

F. All other relief to which Plaintiff is entitled.

DATED: August 21, 2014.

Respectfully submitted,

LEWIS ROCA ROTHGERBER LLP

By:   /s/  Michael J. McCue
Michael J. McCue
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel: (702) 949-8200
Fax: (702) 949-8398

*Attorney for Plaintiffs*
*MGM Resorts International and*
*CityCenter Land, LLC*