Michael J. McCue
Nevada Bar No. 6055
MMcCue@LRRLaw.com
Jonathan W. Fountain
Nevada Bar No. 10351
JFountain@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Tel: (702) 949-8200
Fax: (702) 949-8398

*Attorney for Plaintiffs*
*MGM Resorts International and*
*CityCenter Land, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MGM RESORTS INTERNATIONAL, a Delaware corporation, and CITYCENTER LAND, LLC, a Nevada limited liability corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOES 1-2,<br><br>Defendants. | Case No.  2:14-cv-01369-JCM-(NJK)<br><br>ORDER GRANTING **PLAINTIFFS' MOTION FOR EXTENSION OF TIME**<br><br>**(Third Request)**<br><br>AS MODIFIED, PAGE 6 |

Plaintiffs MGM Resorts International and CityCenter Land, LLC ("Plaintiffs") hereby move the Court for entry of an order extending the time for Plaintiffs to file their motion, pursuant to the Court's order dated October 27, 2014, for leave to amend the Complaint to add the true identities of the presently unknown defendants, John Does 1-2.

Plaintiffs respectfully request that this deadline be extended from January 28, 2015 to March 31, 2015.  This is Plaintiffs' third request for an extension of time.

**PRELIMINARY STATEMENT**

This is an action to stop the unknown owners of two user accounts on the online photo sharing network www.instagram.com from unlawfully trading on Plaintiffs' well-known, federally registered "MGM" and "VDARA" trademarks by distributing images and comments

using the user names "MGM" and "VDARA" – user names that are identical to Plaintiffs' federally registered "MGM" and "VDARA" trademarks.

## STATEMENT OF FACTS

The Complaint was filed on August 21, 2014. (Doc. 1.) On October 26, 2014, Plaintiffs MGM Resorts International and CityCenter Land, LLC ("Plaintiffs") moved the Court for leave to take discovery to determine the identity of unknown Defendants John Does 1 and 2. (Doc. 6.)

On October 27, 2014, the Court entered an order granting the motion. (Doc. 7). The order states, *inter alia*, that, "Plaintiffs will have 30 days (*i.e*., by November 26, 2014), to discover the actual names of the Doe Defendants through discovery, and file a request to amend the complaint to provide the actual names of the Doe Defendants." (*Id*. at 1, ll. 22-24.)

On November 10, 2014, Plaintiffs' undersigned counsel sent a letter along with subpoenas directed to Instagram requesting, among other information, documents identifying the owners of the Instagram accounts "MGM" and "VDARA." (Doc. 10 at Ex. 1.) Having received no response from Instagram, on November 25, 2014, Plaintiffs' counsel caused a copy of the prior correspondence to be hand delivered to Instagram's registered agent in California. (*Id.* at Ex. 2.) Because the deadline set by the Court for discovery was fast approaching and having received no response from Instagram, Plaintiffs moved and obtained an extension of time to discover the actual names of the Doe Defendants. (Doc. Nos. 10 and 11.)

On December 19, 2014, Instagram responded to the subpoenas asking Plaintiffs' counsel to contact Instagram if Plaintiffs still sought the documents listed in the subpoenas. The letter also lodged various objections to subpoenas. Nonetheless, the letter did indicate that Instagram "can produce reasonably accessible basic identifying information . . . ." A true and correct copy of the letter from Instagram is attached hereto as Exhibit A. Plaintiffs responded to the letter by email on December 21, 2014. Plaintiffs confirmed that they still want the documents in the subpoenas, rebutted the objections, and asked for Instagram to provide responsive documents by January 8, 2015. A true and correct copy of the response email is attached hereto as Exhibit B.

On December 29, 2014, Plaintiffs moved the Court for a second extension of the deadline to amend the Complaint to provide additional time for Instagram to provide the documents

-2-

Plaintiff requested, review them, and prepare the appropriate motion to amend the complaint. (Doc. 12.) The Court granted the motion on December 30, 2014. (Doc. 13.)

On Monday, January 12, 2015, Plaintiffs' counsel received a 6-page document production via email from Instagram. A true and accurate copy of the email and accompanying documents is attached hereto as Exhibit C. The documents only contain information concerning the VDARA Instagram user account, not both the VDARA and MGM Instagram user accounts as Plaintiffs had requested. (*Id*.) In addition, the only information contained in the documents identifying the purported owner of the VDARA Instagram account is two email addresses: mariaavila702@aol.com (*id*. at 6) and marilia.rocha@gmail.com (*id*. at 10). In sum, Instagram has yet to provide any information concerning the identity of the owner of the MGM Instagram account, and has only provided two emails addresses to identify the owner of the VDARA Instagram account.

Accordingly, Plaintiffs respectfully request that the Court enter an order granting Plaintiffs an additional sixty (60) days (*i.e*., until March 29, 2015), to file a motion for leave to amend the complaint to provide the actual identities of the presently unknown defendants.

## **LEGAL STANDARD**

Rule 6(b) of the Federal Rules of Civil Procedure governs motions seeking to extend the time by which a party may or must act. The rule states, in relevant part, the following:

(b) Extending Time.

    (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

        (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

        (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

    (2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b).

*///*

-3-

5340047_1

The good cause standard primarily considers the diligence of the party or parties seeking the extension. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). On the other hand, the United States Supreme Court has set forth four factors that a court must take into account in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

## ARGUMENT

The Court should grant Plaintiffs an additional thirty (30) days to file their motion to amend the Complaint to add the true identities of presently unknown defendants John Does 1-2 because the good cause standard applies and is satisfied here.

First, the good cause standard should apply. As set forth above, the good cause standard applies "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The current deadline to file a motion for leave to amend the Complaint to add the true identities of the Doe Defendants was January 28, 2015. (*See* Doc. Nos. 12 and 13.) Plaintiffs filed their present motion on January 29, 2015, one day after the January 28, 2015 deadline. While Plaintiffs' present motion was filed one day after the deadline, the 1-day delay was the result of an unintentional error on the part of Plaintiffs' counsel. More specifically, Plaintiffs' undersigned believed that the present motion had been drafted and filed by another attorney prior to January 28, 2015, when in fact, it had not. Because this motion was filed the very next day, Plaintiffs submit that the good cause standard should apply.

Second, the good cause standard is satisfied here because Plaintiffs have acted diligently to discover the Doe Defendants' identities from Instagram. On November 10, 2014, Plaintiffs' counsel sent a letter along with subpoenas directed to Instagram requesting, among other information, documents identifying the owners of the Instagram accounts "MGM" and "VDARA." Having received no response from Instagram after allowing a reasonable amount of time for compliance, on November 25, 2014, Plaintiffs' counsel caused a copy of the prior correspondence to be hand delivered to Instagram's registered agent in California. Instagram

1  finally responded on December 19, 2014.  (Ex. A.)  However, rather than provide responsive
2  documents to the subpoenas, Instagram asked Plaintiffs to follow up if they wanted the
3  documents and lodged various objections to the subpoenas.  Nonetheless, Instagram indicated
4  that it "can produce reasonably accessible basic identifying information . . . ." (*Id.*)  Plaintiffs'
5  counsel responded to this letter shortly thereafter, on Sunday, December 21, 2014, and in
6  addition to rebutting the objections presented by Instagram, asked that Instagram provide
7  responsive documents by January 8, 2015.  (Ex. B.)

8  Since that time, on Monday, January 12, 2015, Plaintiffs' counsel received a 6-page
9  document production via email from Instagram.  (Ex. C.)  The documents only contain
10 information concerning the VDARA Instagram user account, not both the VDARA and MGM
11 Instagram user accounts as Plaintiffs had requested.  (*Id*.)  In addition, the only information
12 contained in the documents identifying the purported owner of the VDARA Instagram account is
13 two email addresses: mariaavila702@aol.com (*id*. at 6) and marilia.rocha@gmail.com (*id*. at 10).
14 In sum, Instagram has yet to provide any information concerning the identity of the owner of the
15 MGM Instagram account, and has only provided two emails addresses to identify the owner of
16 the VDARA Instagram account.  Because of the exceptionally limited information produced by
17 Instagram, Plaintiff must take additional steps to follow-up with Instagram, and must otherwise
18 continue its investigation to identify the owners of the MGM Instagram account, and to more
19 specifically identify the owner of the VDARA Instagram account.  In light of the foregoing,
20 Plaintiffs have acted diligently to discover the identities of the Doe Defendants, good cause
21 exists for the requested extension of time, and Plaintiffs' motion should be granted.  *See*
22 *Johnson*, 975 F.2d at 609.

23 Third, Plaintiffs' motion should be granted even under the excusable neglect standard.
24 There is no prejudice to the defendants.  This case is in its infancy and the Defendants have not
25 been conclusively identified, named, or served with the Summons and Complaint.  In addition,
26 the length of the delay – 1 day – has not impacted these proceedings in any material way.  The
27 reason for the delay, the oversight of Plaintiffs' counsel, also weighs in favor of granting
28 Plaintiffs' motion.  Finally, Plaintiffs' have acted in good faith.  The 1-day delay was the result

-5-

1  of Plaintiffs' counsel, not Plaintiffs, was innocent, and was immediately corrected by the filing
2  of the present motion. Accordingly, Plaintiffs' motion should be granted even under the
3  excusable neglect standard. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

### CONCLUSION

5  For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order
6  granting Plaintiffs an additional sixty (60) days (*i.e.*, until March 29, 2015), to file a motion for
7  leave to amend the complaint to provide the actual identities of the presently unknown
8  defendants.

9  Dated: this 29th day of January, 2015.

10  LEWIS ROCA ROTHGERBER LLP

11  By: /s/ Jonathan W. Fountain
12  Michael J. McCue
    Jonathan W. Fountain
13  3933 Howard Hughes Parkway, Suite 600
    Las Vegas, Nevada  89169-5996

15  *Attorney for Plaintiffs*
    *MGM Resorts International and*
    *CityCenter Land, LLC*

16  The Court granted Plaintiffs' motion for "expedited" discovery on October 27, 2015.
    Docket No. 7.  In granting this latest request for an extension, Plaintiffs will have a
17  cumulative period of more than five months in which to discovery the Doe Defendants'
18  identities.  NO FURTHER EXTENSIONS WILL BE GRANTED.

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 30, 2015

-6-

5340047_1